499 A.2d 372

Donald A. JOHNSON and Rosella M. Johnson, Appellants,

v.

J. Calvin BAKER and Thelma L. Baker, His Wife; Larry C. Baker and Susan L. Baker, His Wife; William R. Baker and Susan K. Baker, His Wife and Interstate Milk Producers Cooperative Incorporated, Appellees.

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Oct. 11, 1985.

184

Karen Pfeffer, Hollidaysburg, for appellants.

Stephen L. Dugas, Johnstown, for appellees.

Before BROSKY, ROWLEY and FEENEY, JJ.*

FEENEY, Judge:

This is an appeal from an order entering summary judgment in favor of appellee, Interstate Milk Producers Cooperative Incorporated ("Interstate"), in an action in trespass.

In their Complaint in Trespass, appellants sought damages for injuries sustained by appellant Donald A. Johnson as the result of a fall outside a milkhouse at the farm of appellees, the Bakers. The Complaint asserted that Donald Johnson was removing raw milk from a bulk tank on the Bakers' dairy farm as part of his job responsibilities at the time of the accident. Appellants claimed entitlement to damages from appellee Interstate on the basis that Interstate negligently failed to inspect the Bakers' barn in con-

___

* Judge John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania is sitting by designation.

travention of regulations established by the Pennsylvania Department of Agriculture, thereby violating a duty to provide for the safety of appellant Donald Johnson while he was on the premises owned by the Bakers.

The sole issue presented by this appeal is whether the lower court erred in finding that no genuine issue of fact was presented and in concluding that appellee Interstate owed no duty to appellants so that summary judgment in favor of Interstate was warranted. After a thorough review of the record in this case, we agree with the finding and conclusion of the lower court and, accordingly, affirm.

Pursuant to Rule 1035 of the Pennsylvania Rules of Civil Procedure, summary judgment is to be entered only in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). The moving party bears the burden of demonstrating that summary judgment is justified. *Weiss v. Keystone Mack Sales, Inc.*, 310 Pa.Superior Ct. 425, 456 A.2d 1009 (1983). The responsibility of the trial court in disposing of a motion for summary judgment is to determine whether a genuine issue of material fact exists based upon an examination of the record in the light most favorable to the nonmoving party. *Id.*

The lower court in this matter, fully cognizant of its obligation in acting on a motion for summary judgment, found that, while appellee Interstate had a duty under the laws of this Commonwealth and regulations issued by the Department of Agriculture to inspect dairy farms for the purpose of providing for protection of the public health by safeguarding the sanitation of milk production facilities at such farms, the pertinent statutory and regulatory provisions as a matter of law imposed no duty on Interstate to inspect dairy farms for purposes of assuring the safety of persons in the position of appellant Donald Johnson while

on such premises. 71 P.S. § 451 [1]; 31 P.S. § 645 *et seq.*[2]; 7 Pa.Code § 57.1 *et seq.*

In reviewing the record on appeal, this Court must accept as true all well-pleaded facts in the nonmoving party's pleadings, giving the nonmoving party the benefit of all reasonable inferences to be drawn therefrom. *Brophy v. Philadelphia Newspapers, Inc.*, 281 Pa.Superior Ct. 588, 422 A.2d 625 (1980). Having made such an evaluation of the record and having examined the relevant statutory and regulatory authority cited by appellants, we find it to be clear and free from doubt that no material question of fact was presented, and that, as a matter of law, appellants had no cause of action against Interstate. Consequently, we hold that the lower court did not err in granting summary judgment in favor of appellee Interstate Milk Producers Cooperative, Incorporated in this matter and affirm the entry of such judgment.

Order Affirmed.

---

1. Act of April 9, 1929, P.L. 177, art. XVII, § 1711, added July 2, 1953, P.L. 341, § 1.
2. Act of July 2, 1935, P.L. 589, § 1, *et seq.*, as amended.