512 A.2d 1280

**Herbert F. BETTS, Appellant,**

**v.**

**STROEHMANN BROTHERS.**

Superior Court of Pennsylvania.

Argued April 23, 1986.

Filed July 28, 1986.

Norman M. Lubin, Williamsport, for appellant.

Richard H. Roesgen, Williamsport, for appellee.

Before WICKERSHAM, BROSKY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Lycoming County and involves plaintiff-appellant's appeal of an order from the court below which granted defendant's preliminary objections in the nature of a demurrer to plaintiff's complaint. Plaintiff alleged that he was wrongfully discharged from the defendant's employment by defendant.

Plaintiff's complaint alleged two theories of wrongful discharge by his employer. His first theory is based upon an oral contract of employment which he alleges implied long term employment. His second theory alleges that the termination of his employment was tortious and wrongful. In support of this theory plaintiff alleges that his employer was malicious, capricious and abusive in his termination of plaintiff's employment and that his employment was terminated without "just cause". The court below granted defendant's demurrer to the complaint and the plaintiff took the instant appeal.

Plaintiff alleges that in August of 1982 he was hired in a part-time capacity by defendant as a baker's helper. He claims that defendant made an oral promise to him that he would not work one year without being offered full-time employment. During the period of his employment plaintiff worked an average of 40 hours per week for the defendant. His employment was terminated after April 23, 1984. Plaintiff claims that he understood that his employment was to be long term. He sets forth no specific time period for which he was to be employed.

Absent a specific statutory or contractual provision, an employment relationship is terminable by either party at any time for any reason. *Geary v. United States*

*Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). Where the employee is under no obligation to continue the employment, there is no quid pro quo for an employer's obligation to maintain the employment for a certain length of time. *Lucacher v. Kerson*, 158 Pa.Superior Ct. 437, 45 A.2d 245 (1946), affirmed 355 Pa. 79, 48 A.2d 857 (1946). An intention to offer a specific tenure of employment is not inferable from an employer's statement, verbal or written, that employees would not be terminated so long as they performed their work in a satisfactory manner. *Banas v. Matthews International Corp.* 348 Pa.Superior Ct. 464, 502 A.2d 637 (1985); *Richardson v. Charles Cole Memorial Hospital*, 320 Pa.Superior Ct. 106, 466 A.2d 1084 (1983). Nor has Pennsylvania ever adopted the "just cause" standard which would restrict an employer's right to terminate the employment of an employee only for reasons constituting "just cause". Thus, unless the employee furnished a consideration in addition to his mere services, he is an employee-at-will and his employment may be terminated at any time for any reason. In the instant case, plaintiff has alleged nothing which would render his status different from an employee-at-will. He has alleged no promise of any specific period of employment. Nor has he alleged any consideration in addition to his services which could change his status. As such the court below acted properly when it granted the demurrer to the counts in his Complaint which alleged a violation of an oral contract.

Plaintiff's second contention is that his employer committed a wrongful act or tort when it discharged him. In supporting this theory, plaintiff claims facts in his complaint which, if taken as true, (as we must for purposes of ruling in the demurrer, see, *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976)), would establish that the defendant had no legitimate or proper reason for terminating plaintiff's employment and that his discharge violates "public policy". In *Geary*, supra, our Supreme Court recognized the principle that even an employee-at-will may have a legitimate cause of action against his employer if his discharge threatens

clearly mandated public policy. However, in *Cisco v. United Parcel Services, Inc.*, 328 Pa.Superior Ct. 300, 476 A.2d 1340 (1984), a two-part test was established to determine whether the discharged employee could recover damages against an employer for wrongful discharge. First, we must decide whether any public policy is threatened. Second, even if an important public policy is involved a discharge of an employee is lawful if the employer has separate, plausible and legitimate reasons for doing so. *Cisco*, supra.

█ Thus, our first task is to decide whether any clearly mandated public policy is involved in the instant case. The only public policy which plaintiff has alleged is that involved "in balancing the employer's and an employee's interests". As stated by the court below:

"Essentially, the plaintiff is arguing that he has a right to be employed at Stroehmann Brothers unless he fails to discharge his duties with care and skill or unless his conduct on the job was detrimental to the interests of the employer. He would have the Court find that an employer violates public policy in discharging an employee who has performed his job well.

"We can discover no public policy, cognizable in the Courts, against the termination of employees who have performed their duties properly. In fact, such an exception to the general rule that a contract for an indefinite period is a contract terminable at the will of either party, would completely envelope the general rule, relegating its remnants to those situations where the employer has cause for dismissing an employee."

We agree with the court below. The "balance between an employer's and an employee's interests" is not a sufficiently specific mandated public policy as to make out a valid claim for relief. In addition we point out that in today's world, where our economy is engaged in world-wide competition for markets for our products and services, there is a clear public policy to be served by permitting employers more flexibility in deciding upon the constituency

of their work force unencumbered by having to prove "just cause" for every employment decision. Finally, we point out again that plaintiff was free to leave the employ of defendant at any time, for any reason. Because plaintiff has not alleged facts which could constitute the violation of any clearly mandated "public policy" in the instant case it is unnecessary for us to enter into any further analysis of this issue.

We hold that the court below also acted correctly when it granted defendant's demurrer to the courts in plaintiff's complaint alleging tortious conduct on the part of the defendant.

Order affirmed.