530 A.2d 491

**Howard W. MARSH, Appellant,**

**v.**

**Patrick C. BOYLE, An Individual, Western Pennsylvania Newspaper, Co., Appellee.**

Superior Court of Pennsylvania.

Argued June 2, 1987.

Filed Aug. 27, 1987.

2

Thomas M. Torquato, Lewistown, for appellant.

Keith M. Pemrick, Franklin, for appellees.

Before DEL SOLE, POPOVICH and MONTGOMERY, JJ.

DEL SOLE, Judge:

The instant appeal follows a trial court order granting summary judgment against Appellant who sought to recover for his alleged wrongful discharge.

The review of a grant of a summary judgment is based upon a well established standard:

> Summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 452 A.2d 269 (1982); *Scheetz v. Borough of Lansdale*, 64 Pa.Cmwlth.Ct. 24, 438 A.2d 1048 (1982). It is basic that summary judgment may be entered only in a case that is clear and free from doubt. *Dunn v. Teti*, 280 Pa.Super. 399, 421 A.2d 782 (1980); *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 421 A.2d 747 (1980).

*Martin v. Capital Cities Media, Inc.*, 354 Pa.Super. 199, 207, 511 A.2d 830, 834 (1986) *quoting Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 45, 489 A.2d 828, 831 (1985). It is further recognized that "in reviewing the record on appeal from the trial court's grant of summary judgment, this Court must accept as true all well-pleaded facts in the nonmoving party's pleadings, giving the nonmoving party the benefit of all reasonable inferences to be drawn therefrom". *Johnson v. Baker*, 346 Pa.Super. 183, 186, 499 A.2d 372, 374 (1985).

The complaint and amended complaint filed by Appellant set forth two counts of wrongful discharge. Count One sought to establish that Appellant had been discharged by his employer without just cause contrary to the parties

4

implied long-term contract. Appellant's second theory of recovery was grounded on Appellant's claim that his dismissal was a violation of public policy. These pleadings along with depositions and answers to interrogatories establish the following.

Appellant left his employment as circulation manager of the Lewistown Sentinel to begin working at an increased salary for Appellees as publisher of the Clarion News. It was Appellant's understanding that he would be working for a period of time along with the current publisher, who was about to retire. The date of the current publisher's retirement was never established. Appellant was informed at the time of hiring that he would work in Clarion as publisher for "at least two years" and thereafter would become general manager in Oil City, a position Appellant desired because it would result in a pay increase and because Oil City was Appellant's childhood home. Appellant placed his house in Lewistown for sale and relocated to Clarion to commence his employment on October 28, 1985. Appellant's family remained in Lewistown and his home there was not sold prior to his dismissal at the Clarion News on January 29, 1986.

In Pennsylvania, an employment relationship is generally considered to be at-will and absent a specific statutory or contractual provision it is terminable by either party at any time. *Betts v. Stroehmann Bros.*, 355 Pa.Super. 195, 197, 512 A.2d 1280, 1281 (1986), *citing Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). "[I]f there is a dispute over the discharge of an employee, the threshold inquiry is whether or not the employment was at-will." *Veno v. Meredith*, 357 Pa.Super. 85, 97, 515 A.2d 571, 577 (1986). Where an employment arrangement does not contain a definite term, it will be presumed that the employment at-will rule applies. *Banas v. Matthews Intern. Corp.*, 348 Pa.Super. 464, 502 A.2d 637 (1985). "[G]enerally an employment contract for a broad, unspecified duration does not overcome the presumption of at will employment. ... Definiteness is required...." *Murphy v. Publicker*

*Industries, Inc.*, 357 Pa.Super. 409, 416–419, 516 A.2d 47, 51–52 (1986) *citing Darlington v. General Electric*, 350 Pa.Super. 183, 195–196, 504 A.2d 306, 312 (1986). An oral agreement which promises employment "for life" or "permanently" is not sufficiently definite to permit an employee to recover if he is discharged without cause. *Id.* Likewise, "[t]he law does not attach binding significance to comments which merely evince an employer's *hope* that the employee will remain in his employ until retirement." *Veno v. Meredith, supra*, 357 Pa.Super. at 101, 515 A.2d at 579. However, parties' intentions regarding the agreement, gleaned by examining the surrounding circumstances, may enable an agreement to "rise to the requisite level of clarity". *Greene v. Oliver Realty, Inc.*, 363 Pa.Super. 534, 554, 526 A.2d 1192, 1201 (1987).

To ascertain the parties' intent an important factor to consider is the presence of additional consideration. *Id.*, 363 Pa.Superior Ct. at 555, 526 A.2d at 1202. In discussing the role additional consideration plays in construing an employment contract, the court in *Darlington v. General Electric, supra*, summarized:

> [I]f sufficient additional consideration is present, the law presumes this to be sufficient to rebut the at-will presumption. Such a contract could not be rightfully terminated at-will but would continue for a reasonable length of time. 56 C.J.S. Master and Servant § 31. However, the presumption created by the additional consideration rule could itself be rebutted by evidence that the parties specifically contracted for employment at-will.

*Darlington v. General Electric, supra*, 350 Pa.Super. at 200, 504 A.2d at 314.

The court in *Darlington* also examined what constitutes sufficient additional consideration and remarked:

> Thus, a court will find "additional consideration" when an employee affords his employer a substantial benefit other than the service which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform. "If

the circumstances are such that a termination of the relation by one party will result in great hardship or loss to the other, as they must have known it would when they made the contract, this is a factor of great weight in inducing a holding that the parties agreed upon a specific period." 3 A. Corbin, Corbin on Contracts § 684 (1960). *Id.*, 350 Pa.Superior Ct. at 201–202, 504 A.2d at 315. When sufficient additional consideration is present, an employee should not be subject to discharge without just cause for the length of the contract. *See: Veno v. Meredith, supra,* 357 Pa.Super. at 101–102, 515 A.2d at 580; *Greene v. Oliver Realty, Inc., supra,* 363 Pa.Super. at 555–556, 526 A.2d at 1202–1203. When the exact period for which the parties intended to contract is unable to be determined, an agreement for a "reasonable time" will be inferred. *Id.* "The length of time during which it would be unreasonable to terminate, without just cause, an employee who has given additional consideration should be commensurate with the hardship the employee has endured or the benefit he has bestowed." *Veno v. Meredith, supra,* 357 Pa.Super. at 102, 515 A.2d at 580. Citing *Lucacher v. Kerson,* 158 Pa.Super. 437, 45 A.2d 245 (1946), the *Darlington* court noted that a substantial hardship such as moving one's family to take a new position would be regarded as sufficient additional consideration to overcome the at-will presumption. *Darlington v. General Electric, supra,* 350 Pa.Super. at 201, 504 A.2d at 315.

In *Lucacher v. Kerson, supra,* an employee was promised permanent employment in his new job. In reliance on this promise he moved from New York to Philadelphia. The employee, who was abruptly discharged from his new position just three days into his employment, was allowed recovery. In contrast is the situation present in *Veno v. Meredith, supra.* Therein, the appellant's employer expressed hope the employee would remain in his employ until retirement. Eight years later, the employee was discharged. The appellant in *Veno* claimed that additional consideration took him out of the at-will employment situa-

tion. The consideration consisted of appellant's resignation of a job at a different newspaper, his family's move from Newark to Pennsylvania and his refusal of other employment opportunities throughout the years. The court ruled that appellant's termination eight years into his employment under the facts of the case would not permit recovery. The court found that the detriments alleged by the employee were "commensurate with those incurred by all manner of salaried professionals" and that under the circumstances the appellant had not "brought to the employment so substantial a benefit, or incurred so detrimental a hardship in taking the job, that he should be accorded treatment any different from typical at-will employee". *Id.* 357 Pa.Super. at 102, 515 A.2d at 580.

■ In the case before us, the employer's assurances that Appellant would be working as publisher "for at least two years" was not sufficiently definite to take the agreement out of the at-will employment presumption. Appellant, nevertheless, relies on the surrounding circumstances, particularly his resignation from his position with the Lewistown paper, his move to Clarion and his act of placing his house on the market as establishing sufficient consideration to rebut the at-will presumption. Appellant seeks to prove that the parties' discussion as to the terms of his employment, when examined in light of these circumstances, created a contract which could not be terminated at-will but, rather, would continue for a reasonable length of time, or at least two years.

■ The issue as presented by Appellant is not appropriately resolved in a motion for summary judgment. In *Greene v. Oliver Realty, supra,* it was noted that "[t]he court must allow the jury to consider [the employee's] alleged 'additional consideration' as well as all the circumstances surrounding the agreement. A jury might reasonably interpret the above cited facts so as to conclude that [the employee] has clearly rebutted the at-will presumption." *Id.* 363 Pa.Super. at 556, 526 A.2d at 1202. Likewise, the court in *Murphy v. Publicker Industries, Inc., supra,* stated: "Of course, whether an employee has given

such additional consideration as will rebut the presumption is a question of fact for the jury." *Id.* 357 Pa.Super. at 417, 516 A.2d at 51.

It is necessary to remand this case to enable the jury to resolve whether Appellant presented sufficient evidence to rebut the at-will presumption.

■ Even if it were to be determined that the agreement at issue was an at-will employment contract, the discharge would "be reviewable in a judicial forum when there is sufficient evidence to suggest that it was against public policy or made with the specific intent to harm the employee". *Veno v. Meredith, supra,* 357 Pa.Super. at 97, 515 A.2d at 577. In Count Two Appellant sets forth a claim that his discharge was contrary to the public policy of the Commonwealth. Appellant describes the following as the basis for this claim; "The Plaintiff has alleged that the public policy of the Commonwealth is that every person has a right to earn a living in a job that he chooses and that an employer cannot act in an arbitrary, capricious and abusive manner in dealing with his employee."

To determine whether a discharged employee can recover damages for wrongful discharge, a two part test is utilized. Initially, it must be determined whether any public policy is threatened. Even if an important public policy is involved, the court must recognize the discharge as lawful if the employer has a separate, plausible and legitimate reason for doing so. *Betts v. Stroehmann Bros., supra,* 355 Pa.Super. at 197–99, 512 A.2d at 1281 *citing Cisco v. United Parcel Services, Inc.,* 328 Pa.Super. 300, 476 A.2d 1340 (1984). The public policy exception to the at-will employment relationship is "quite narrow". *Householder v. Kensington Mfg. Co.,* 360 Pa.Super. 290, 296, 520 A.2d 461, 464 (1987). It will be found only where a clearly mandated public policy which " 'strikes at the heart of a citizen's social right, duties and responsibilities' " is violated. *Id.,* 360 Pa.Superior Ct. at 296, 520 A.2d at 465, *citing Turner v. Letterkenny Federal Credit Union,* 351 Pa.Super. 51, 55, 505 A.2d 259, 261 (1985); *Novosel v. Nationwide Insurance Company,* 721 F.2d 894, 899 (3d Cir.1983).

We agree with the trial court that Appellant herein has not alleged that any "cognizable public policy" was violated by his discharge. In *Betts v. Stroehmann Bros., supra,* the employee maintained that public policy was violated when he was discharged although he had performed his job well. Similar to Appellant, the employee in *Betts* argued that he had a right to be employed with the defendant-company unless he failed to discharge his duties with care and skill or unless he performed on the job in a manner detrimental to the interests of the employer. The court in *Betts* ruled that the employee did not assert a violation of a "sufficiently specific mandated public policy as to make out a valid claim for relief". *Id.* 355 Pa.Super. at 199, 512 A.2d at 1282. It found no cognizable public policy protecting against termination of employees who have performed their duties properly.

Appellant has, likewise, not made out a claim for wrongful discharge involving an infringement of a recognized public policy. The trial court's action granting summary judgment in favor of Appellees on Count Two of Appellant's Complaint was clearly proper and is affirmed.

Judgment affirmed in part, reversed in part. Case remanded for proceedings consistent with this Opinion.