580 A.2d 1356

**William SCULLION, Jr., Appellee,**

**v.**

**EMECO INDUSTRIES, INC., Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1990.

Filed Sept. 26, 1990.

296

Alfred J. Johnston, Philadelphia, for appellant.

Albert G. Blakey, York, for appellee.

Before OLSZEWSKI, MONTEMURO and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

Appellee, William Scullion, brought this action for breach of employment contract against appellant, EMECO Industries, Inc. Following a trial, the jury returned a verdict in favor of appellee and awarded damages in the amount of $40,000.00. The trial court denied appellant's post-trial motions, and appellant brought this timely appeal. On appeal, appellant claims that the trial court erred (1) in refusing to enter judgment n.o.v. on the basis that appellee produced insufficient evidence of additional consideration to rebut the presumption of at-will employment; (2) in admitting irrelevant, immaterial and prejudicial evidence regarding the drinking problem of an employee of appellant; and (3) in admitting speculative and conjectural evidence on the issue of damages. We find appellant's arguments to be meritless and affirm the order of the trial court.

The trial court summarized the relevant facts of the case as follows:

In March, 1984, Plaintiff Scullion, then a California resident, was interviewed by Defendant's President, Geiselman, and was told that the job at Emeco was the last

job he would ever have. Scullion's understanding was that he would replace the existing Vice–President of Sales and Marketing, Eugene Roscoe, in the same position, and that he would also receive Roscoe's membership in the Hanover Count[r]y Club when Roscoe's contract with Emeco either expired in December 1984, or was bought out by Emeco. Scullion also was told about the generous retirement benefits included as part of his compensation package. The importance of becoming a part of the community was pointed out to Scullion, and he was shown areas in Hanover that would be appropriate for buying or building a home. Scullion accepted the job, turned down an incentive to stay offer from his then current employer, and commenced employment at Emeco on April 2, 1984. There was no written contract.

Scullion sold his house in California, moved his family to Hanover, and purchased a $17,000 building lot in Hanover. On July 17, 1984, Plaintiff was discharged by Defendant and provided six weeks of severance pay. Plaintiff sued for wrongful discharge.

At Trial, Plaintiff offered evidence of Roscoe's alleged drinking problem to support his claim that he had been hired to replace Roscoe, and also to support his claim that he had been discharged without cause. Plaintiff also offered testimony as to the damages sustained. After Plaintiff presented its evidence, Defendant moved for a compulsory non-suit on the grounds that Plaintiff failed to rebut the presumption of at-will employment. The Motion was denied.

At the end of Trial, the Jury found that Plaintiff was not an at-will employee; that an implied contract of employment for a reasonable time existed; that this reasonable time had not expired before Plaintiff's discharge; that Plaintiff was discharged without cause; and that damages in the amount of $40,000 should be awarded.

Trial Court Opinion, November 1, 1989, at 2–3.

Appellant first claims that the trial court erred in refusing to grant its motion for judgment n.o.v. because

appellee presented insufficient evidence as a matter of law to rebut the presumption of at-will employment. We disagree.

> A judgment n.o.v. may be entered only in a clear case where the facts are such that no two reasonable persons can fail to agree that the verdict is improper.... In ruling upon a defendant's motion for judgment n.o.v., the trial court is required to consider the evidence, as well as all reasonable inferences which may be drawn therefrom, in the light most favorable to the plaintiff who won the verdict.... In determining whether the evidence is sufficient to support the verdict, a reviewing court must consider all the evidence received, whether the trial court's evidentiary rulings thereon were correct or incorrect....

*Lira v. Albert Einstein Medical Center,* 384 Pa.Super. 503, 508, 559 A.2d 550, 552 (1989) (citations omitted).

 In Pennsylvania, it is presumed that employment is at-will. *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974). During trial, the appellee in the case *sub judice* presented evidence relevant to his claim that his employment contract with the appellant, while oral, was not at-will. If the trier of fact finds that a party did provide additional consideration apart from the detriments "commensurate with those incurred by all manner of salaried professionals," then it may be held that the party has rebutted the at-will presumption. *Marsh v. Boyle,* 366 Pa.Super. 1, 7, 530 A.2d 491, 494 (1987) (citation omitted). It is a question of fact whether, in a given case, an employee has given additional consideration sufficient to rebut the at-will presumption. The question of the intent of contracting parties is generally a jury question. *DiBonaventura v. Consolidated Rail Corp.,* 372 Pa.Super. 420, 539 A.2d 865 (1988). "However, the presumption created by the additional consideration rule could itself be rebutted by evidence that the parties specifically contracted for employment at-will." *Darlington v. General Electric,* 350 Pa.Super. 183, 200, 504 A.2d 306, 314 (1986).

We do not find the facts of the present case so clear that reasonable minds would not differ on its outcome. In *Marsh v. Boyle, supra,* the appellant claimed that he was assured a position as publisher of the Clarion News for "at least two years." In reversing the entry of summary judgment and remanding for further proceedings, this Court opined:

> In the case before us, the employer's assurances that Appellant would be working as publisher "for at least two years" was not sufficiently definite to take the agreement out of the at-will presumption. Appellant, nevertheless, relies on the surrounding circumstances, particularly his resignation from the position with the Lewistown paper, his move to Clarion and his act of placing his house on the market as establishing sufficient consideration to rebut the at-will presumption. Appellant seeks to prove that the parties' discussion as to the terms of his employment, when examined in light of these circumstances, created a contract which could not be terminated at-will but, rather, would continue for a reasonable length of time, or at least two years.

*Id.* 366 Pa.Super. at 7, 530 A.2d at 494. *Cf. Betts v. Stroehmann Bros.,* 355 Pa.Super. 195, 512 A.2d 1280 (1986).

Following our review of the record in the instant case, we agree with the trial court that sufficient evidence was presented by the appellee to support the jury's finding that an implied contract for a reasonable time existed between these parties which had not expired at the time appellee was discharged from his employment. "When the exact period for which the parties intended to contract is unable to be determined, an agreement for a 'reasonable time' will be inferred." *Marsh v. Boyle,* 366 Pa.Super. 1, 7, 530 A.2d 491, 494 (1987) (citation omitted). We note, as did the trial court, that appellee, at the age of fifty-one, accepted a position as Vice–President of Sales and Marketing for appellant Emeco, a position which reflected his years of experience in the area of sales. During the interview

process, appellee was told by appellant's president, Geiselman, that this was the last job he would ever have. R.R. at 37a. Generous retirement benefits were included as part of appellee's compensation package. After refusing an increased salary from his California employer, the appellee sold his home in California, and made a coast-to-coast move. *Id.* at 87a. At the urging of Geiselman, appellee purchased a building lot in Hanover across the street from Geiselman's son. *Id.* at 51a. Appellee testified that Geiselman wanted him to build a home in Hanover so that the appellee could be part of the community. *Id.* at 48a. A country club membership for the appellee was also discussed. While one or a few of the surrounding circumstances of appellee's employment with the appellant may not have been sufficient, as a matter of law, to rebut the at-will presumption, all of the circumstances, when viewed as a whole, adequately support the jury's verdict.

Appellant relies upon *Veno v. Meredith*, 357 Pa.Super. 85, 515 A.2d 571 (1986), a decision which we find to be readily distinguishable from the case presently before this Court. In *Veno*, the employee was discharged *eight* years into his employment. He claimed that his resignation from a different job, his family's move from Newark to Pennsylvania, and his refusal of other job opportunities throughout the years took him out of an at-will employment situation. As we specifically noted in *Veno*, even if these original hardships undertaken by the employee had taken him out of an at-will employment situation, such a contract's reasonable duration would have "surely passed based on the consideration given" by the time the employee reached his eighth year in the position. *Id.*, 357 Pa.Superior Ct. at 103 n. 4, 515 A.2d at 581 n. 4. Here, appellee sold his home in California and moved from California to Hanover, Pennsylvania where he purchased property on which he planned to build a new home. In return for his hardship, appellee received the benefit of three months employment with appellant. We do not agree that the trial court erred in holding that the jury could properly find, on the basis of

this evidence, that an implied contract of employment for a reasonable time existed between the parties, and that this reasonable time had not expired before appellee's discharge.

Appellant next claims that the trial court erred in allowing appellee to testify at trial that appellant's employee, Eugene Roscoe, had a drinking problem. Appellant maintains that this testimony was irrelevant, immaterial and prejudicial to its case.

Evidence which "tends to establish facts in issue or in some degree advance the inquiry" is relevant. *Seals v. Tioga County Grange Mutual Ins. Co.,* 359 Pa.Super. 606, 614, 519 A.2d 951, 955 (1986). In setting forth its reasons for allowing appellee to testify as to Mr. Roscoe's suspected drinking problem, the trial court stated:

> In the present case, the Court finds that the evidence of Roscoe's alleged alcohol problem supports Plaintiff's contention that the company owner was dissatisfied with Roscoe and was therefore interested in replacing him. Plaintiff testified that he was hired to replace Roscoe. However, upon reporting to work in Hanover, Plaintiff testified that he was told to bide his time until an alternative arrangement could be worked out for Roscoe. The evidence that Roscoe was to be replaced, but was still present when Plaintiff was hired and subsequently fired is essential to Plaintiff's contention that he was never given a chance to perform and was not dismissed for cause.

Trial Court Opinion at 8. In light of this explanation, we conclude that the trial court did not err in finding that the evidence of the drinking problem was relevant to show the reason for appellant's hiring of appellee.

Further, we disagree with appellant's characterization of a drinking problem as a "reprehensible, even immoral and sinful condition" which would unduly influence the jury to render a decision on an improper basis. Brief for Appellant at 22. Appellee testified that the owner and president of Emeco informed him that Mr. Roscoe was being let go for

several reasons: a "suspected drinking problem;" over-spending of company funds on development of a new product which "never got off the ground;" lack of an increase in sales over the previous few years; and a lack of hard work on the part of Mr. Roscoe. R.R. at 32a–33a, R.R. at 35a. In light of the context in which the evidence was introduced and the qualification of the drinking problem as "suspected," we cannot agree that this evidence has an " 'undue tendency to suggest decision on an improper basis.' " *Seals, supra,* 359 Pa.Superior Ct. at 614, 519 A.2d at 955, *quoting Whistler Sportswear v. Rullo,* 289 Pa.Super. 230, 243, 433 A.2d 40, 47 (1981). The trial court did not err in concluding that the evidence was admissible.

■ Finally, appellant requests a new trial on the basis that appellee's evidence establishing the amount of damages was based on speculation and conjecture.

> Although the plaintiff bears the burden of proving damages by a preponderance of the evidence, he is required only to provide the jury with a reasonable amount of information so as to enable the jury fairly to estimate damages without engaging in speculation. Damages need not be proved with mathematical certainty.

*Bolus v. United Penn Bank,* 363 Pa.Super. 247, 268, 525 A.2d 1215, 1226 (1987). Further, "there should be no doubt that recovery will not be precluded simply because there is some uncertainty as to the precise amount of damages incurred. It is well established that mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." *Pugh v. Holmes,* 486 Pa. 272, 297, 405 A.2d 897, 909–10 (1979).

■ Here, the evidence of the amount of damages was adequate enough to support the jury's award. In upholding the damage award, the trial court stated:

> In the present case, the Court finds that the Plaintiff presented adequate data upon which to rest his assumptions. The Plaintiff testified that the sales figure upon which he based his projected bonus was derived from his

understanding of the volume of Defendant's sales at the time of his employment. The Plaintiff also stated that his calculation of Defendant's net profits at six (6%) percent of its sales was based on his more than twenty (20) years of experience in the industry. In regard to the country club membership, Plaintiff did assume a figure, however, once again he supported his assumption by stating that the estimate was based on membership rates at a different country club in the York area. Regarding the cost of living adjustment, Plaintiff gave a figure of five (5%) percent which he testified he believed was the inflation rate at the time. Finally, regarding the interest lost on the money Plaintiff used to buy the building lot, the Plaintiff testified that the money had been in a savings account earning ten (10%) percent interest. Although additional testimony regarding these figures would have been helpful in determining their accuracy, the Court does not find that these figures are so deficient as to warrant a new Trial.

The Defendant was free to challenge the accuracy of these figures and it did so in its cross-examination of the Plaintiff. Having done so, the Defendant placed the burden on the Jury to determine the credibility of the testimony presented.

Trial Court Opinion, November 1, 1989, at 10–11. We find that the trial court did not err in refusing to award appellant a new trial on the basis that appellee's evidence as to damages was inadequate.

For all of the foregoing reasons, we are unable to discern any reversible error on the part of the trial court, and we affirm the judgment of the trial court.

Judgment affirmed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent. I would find that the evidence in this case clearly insufficient to come within the additional

consideration exception to the presumption of at-will employment. Accordingly, I would reverse and enter judgment in favor of appellant.

In Pennsylvania, "all employment is considered to be at-will absent: (1) sufficient additional consideration; (2) an agreement for a definite duration; (3) an agreement specifying that the employee will be discharged only for just cause; or (4) an applicable recognized public policy exception." *Id.* Instantly, the parties agree that (2), (3) and (4) are inapplicable to this case, and that the only argument centers around exception (1). I limit my review accordingly.

As was stated by the panel in *Darlington v. General Electric*, 350 Pa.Super. 183, 201, 504 A.2d 306, 315 (1986):

[A] court will find "additional consideration" when an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform. "If the circumstances are such that a termination of the relation by one party will result in great hardship or loss to the other, as they must have known it would when they made the contract, this is a factor of great weight in inducing a holding that the parties agreed upon a specific period." 3 A. Corbin, *Corbin on Contracts* § 684 (1960).

Moreover, "[w]hen sufficient additional consideration is present, an employee should not be subject to discharge without just cause for a reasonable time. The length of time during which it would be unreasonable to terminate, without just cause, an employee who has given additional consideration should be commensurate with the hardship the employee has endured or the benefit he has bestowed." *Veno v. Meredith*, 357 Pa.Super. 85, 97, 515 A.2d 571, 578 (1986) (citing *Darlington*).

The trial court relied on five factors in concluding that sufficient evidence of additional consideration was present to submit the question to the jury: (1) in order to accept the employment offer, appellee had to relocate his family from California to Pennsylvania; (2) appellee's relocation necessi-

tated the sale of his California home and a subsequent purchase of real estate in Pennsylvania; (3) appellee rejected a higher offer from his current employer prior to accepting the position with appellant; (4) appellant indicated to appellee that "this would be the last job he would ever have"; and (5) the terms of employment included a country club membership for the following year. Appellant contends that at least two of these factors, (4) and (5), are not additional consideration for they do not afford a substantial benefit to the employer nor do they impose a substantial hardship on appellee. I would agree with appellant on this point, and with the remainder of its argument.

In *Veno v. Meredith, supra,* we were asked whether additional consideration was present where the employee left his former job with a newspaper, moved his family from New Jersey to Pennsylvania, and refused other employment opportunities for eight years before being fired by his current employer. In concluding this evidence insufficient to rebut the at-will presumption, we found no sufficiently detrimental hardship suffered by appellant which would relieve him of at-will status. *Id.,* 357 Pa.Superior Ct. at 101, 515 A.2d at 580. We specifically noted that the detriments alleged by the employee, which are almost identical to those alleged herein, were "commensurate with those incurred by all manner of salaried professionals." *Id.* As such, we concluded that no evidence was presented which would "suggest that appellant brought to the employment so substantial a benefit, or incurred so detrimental a hardship in taking the job, that he should be accorded treatment any different from the typical at-will employee." *Id.*

Instantly, I find a situation on point with the facts of *Veno.* Here, though the evidence showed that appellee moved his family from California to Pennsylvania, necessitating a sale of his home and subsequent purchase of property, in addition to refusing a wage increase from his old employer, I would hold, as we did in *Veno,* that this evidence was insufficient to relieve appellee of at-will status. The type of detriment alleged is identical with that of

the majority of today's salaried professionals. Absent any indication by our Supreme Court or Legislature of a need for altering the existing at-will doctrine, I cannot come to a contrary conclusion.[1] Accordingly, I would conclude that the trial court erred in allowing the jury to decide the issues raised in this case, and in further concluding that judgment n.o.v. was unwarranted herein. I would, therefore, deem it appropriate to reverse and enter judgment in favor of appellant.

---

**1.** The at-will doctrine was most recently reaffirmed by our Supreme Court in *Paul v. Lankenau Hospital,* 524 Pa. 90, 569 A.2d 346 (1990), wherein the Court refused to create an equitable estoppel exception to at-will employment. Such a holding, I believe, is indicative of a decided preference to leave this matter in the hands of the Legislature and not the courts.