Wilson E. **ANDREW**

v.

**LEMMON PHARMACAL COMPANY.**

Civ. A. No. 90–2927.

United States District Court,
E.D. Pennsylvania.

Nov. 23, 1990.

**658**

Aaron M. Matte, Allentown, Pa., for plaintiff.

Larry J. Rappoport, Kleinbard, Bell & Becker, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

In this action filed under the Age Discrimination In Employment Act, 29 U.S.C. §§ 621–634, defendant moves to dismiss the pendent wrongful discharge and equitable estoppel claims and to strike the request for compensatory and punitive damages. Fed.R.Civ.P. 12(b)(6), 12(f). Jurisdiction is federal question. 28 U.S.C. § 1331.

The facts to be considered on this threshold motion are those contained in the complaint. *See, e.g., D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir.1984).

Defendant Lemmon Pharmacal Company manufactures pharmaceutical products and sells them to physicians and other health care providers. Complaint ¶ 4. On July 23, 1962 defendant hired plaintiff Wilson E. Andrew as a medical sales representative. *Id.* ¶ 6. He worked in this position for more than 25 years selling primarily to dispensing physicians and pharmacies. *Id.* ¶ 7. According to the complaint, he performed his job in a "diligent and proficient manner," consistently exceeding sales quotas and receiving satisfactory or above-average employment evaluations. *Id.* ¶¶ 8–9. In January, 1988 defendant's director of sales is alleged to have told plaintiff he could continue working for the company "as long as he wished to do so"—he "provided a positive example for persons on defendant's sales force who were younger and possessed less experience." *Id.* ¶ 22. However, on April 28, 1988, despite other reassurances and without warning, plaintiff's employment was terminated. *Id.* at 12, 17–18, 22. He was informed that because sales to dispensing physicians had decreased, defendant would concentrate its efforts on sales to prescribing physicians. Plaintiff was advised that he lacked the technical knowledge necessary to make such sales. *Id.* ¶¶ 10–11. When discharged he was 65 years old.

Starting with the premise that plaintiff was an at-will employee, defendant contests the pendant state claims as a matter of law.[1] The complaint does not allege that the termination of plaintiff's employment violated public policy or was made with a specific intent to harm.[2] Plaintiff responds that the complaint of termination based on age discrimination does allege a violation of the public policy set forth in ADEA and, therefore, states a legally sufficient claim.[3]

■■■ As a general principal of Pennsylvania law, either party may terminate an at-will employment relationship without accountability. *Yaindl v. Ingersoll–Rand Co.,* 281 Pa.Super. 560, 570–71, 422 A.2d 611, 616 (1980). Pennsylvania recognizes, however, that "when the discharge of an employee-at-will threatens public policy the employee may have a cause of action

---

1. Plaintiff's status as an at-will employee is not in dispute.

2. Dismissal of the complaint under Fed.R.Civ.P. 12(b)(6) is appropriate only if beyond doubt plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Labov v. Lalley,* 809 F.2d 220, 221 (3d Cir.1987).

3. "In Pennsylvania, public policies upon which causes of action for wrongful termination may be based have their source in federal as well as in Commonwealth law." *Kilpatrick v. Delaware County S.P.C.A.,* 632 F.Supp. 542, 545 (E.D.Pa. 1986).

against the employer for wrongful discharge." *Yaindl*, 281 Pa.Super. at 571, 422 A.2d at 617. *See also Geary v. United States*, 456 Pa. 171, 184, 319 A.2d 174, 180 (1974). The discharge of an employee based on age discrimination is contrary to Pennsylvania and federal public policy. *See, e.g., Murray v. Commercial Union Ins. Co.*, 782 F.2d 432, 437 (3d Cir.1986); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 194–95 (3d Cir.1977). Nevertheless, where, as here, the public policy may be found in the Pennsylvania Human Relations Act, 43 Pa.Stat. §§ 951 *et seq.*, the employee must exhaust his administrative remedies before he may pursue the common law cause of action. *Clay v. Advanced Computer Applications*, 522 Pa. 86, 559 A.2d 917 (1989). *See also Murray*, 782 F.2d at 436–37 (where Pennsylvania statute announces a public policy and provides remedy for employees thereby wrongfully discharged, no common law tort action is available). Since the PHRA establishes a statutory remedy for age discrimination, 43 Pa.Stat. § 955, and plaintiff has not exhausted his administrative remedies, he cannot make out a cause of action for wrongful discharge.[4] This claim, therefore, must be dismissed.[5]

■ As to equitable estoppel, plaintiff argues that he reasonably relied on defendant's oral promises. Complaint ¶ 23. The result, he claims, was a loss of earnings, seniority, and related employee benefits. *Id.* ¶ 24. Defendant responds that, inasmuch as plaintiff's at-will employment was terminable without cause, the alleged promises, regardless of reliance, are unenforceable.

"[T]he doctrine of equitable estoppel is not an exception to the employment at-will doctrine." *Paul v. Lankenau Hospital*, 524 Pa. 90, 94, 569 A.2d 346, 348 (1990). Pennsylvania law "does not prohibit the firing of an employee who has relied on an employer's promise." *Id.* 569 A.2d at 348. Because there is no basis for finding that plaintiff's interest was other than as an at-will employee,[6] his equitable estoppel claim must also be dismissed.

In the ADEA count the complaint claims back pay. The additional claim for compensatory damages, being duplicative, should be stricken. Fed.R.Civ.P. 12(f).

With respect to punitive damages, plaintiff concedes that he is not entitled to recover such relief under ADEA.[7]

An order follows.

### ORDER

AND NOW, this 23rd day of November, 1990 defendant's motion to dismiss plain-

---

4. Because the availability of PHRA remedies precludes plaintiff's wrongful discharge claim, it is unnecessary to resolve whether ADEA also is preclusive. *See Kilpatrick v. Delaware County S.P.C.A.*, 632 F.Supp. 542, 549 (E.D.Pa.1986) (neither the Circuit nor the Pennsylvania Supreme Court has expressly held that the existence of a federal remedy for adverse discrimination preempts cause of action for wrongful discharge).

5. Plaintiff's reliance on *Marsh v. Boyle*, 366 Pa.Super. 1, 530 A.2d 491 (1987), is unhelpful. There, plaintiff claimed his employment was terminated in violation of a public policy that "every person has a right to earn a living in a job that he chooses and that an employer cannot act in an arbitrary, capricious and abusive manner in dealing with his employee." *Marsh*, 366 Pa.Super. at 8, 530 A.2d at 495. The Pennsylvania Superior Court concluded that the complaint failed to allege the violation of a cognizable public policy.

6. That defendant is alleged to have promised employment for as long as plaintiff wanted is insufficient to overcome the presumption that plaintiff's employment was at-will. *See Banas v. Matthews Int'l Corp.*, 348 Pa.Super. 464, 502

A.2d 637 (1985) (an employment agreement not containing a definite term of duration is presumed to be at-will); *Murray*, 782 F.2d at 435 (under Pennsylvania law, promises of "permanent" or "lifetime" employment do not overcome at-will presumption).

7. Every court of appeals that has considered the issue has ruled that punitive damages are not recoverable under ADEA. *See Bruno v. Western Elec. Co.*, 829 F.2d 957, 966–67 (10th Cir.1987); *Goldstein v. Manhattan Indus.*, 758 F.2d 1435, 1446 (11th Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146–48 (2d Cir.1984); *Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 686–88 (7th Cir.), *cert. denied*, 459 U.S. 1039, 103 S.Ct. 453, 74 L.Ed.2d 606 (1982); *Walker v. Pettit Constr. Co.*, 605 F.2d 128, 130 (4th Cir.1979); *Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1039–40 (5th Cir.1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978). *See also Kelly v. American Standard, Inc.*, 640 F.2d 974, 979 (9th Cir.1981) ("liquidated damages is in effect a substitution for punitive damages and is intended to deter intentional violations of the ADEA"); *Wagner v. Sperry Univac*, 458 F.Supp. 505, 517–18 (E.D.Pa.

tiff's wrongful discharge and equitable estoppel claims and to strike the request for compensatory and punitive damages in regard to the alleged violation of the Age Discrimination in Employment Act is granted.

---

1978), *aff'd without opinion,* 624 F.2d 1092 (3d Cir.1980) (punitive damages may not be recovered for ADEA violation); *Boddorff v. Publicker Indus.,* 488 F.Supp. 1107, 1112–14 (E.D.Pa.1980) (same).