**Robert BROZOVICH, Appellant,**

v.

**Julie DUGO and Hampton Township.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 3, 1994.
Decided Dec. 9, 1994.

Raymond Radakovich, for appellant.

John R. Luke, for appellees.

Before: McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Robert Brozovich appeals from an order of the Court of Common Pleas of Allegheny County (trial court) granting a Motion for Summary Judgment filed by Hampton Township (Township). We affirm.

Brozovich was employed by the Township as Director of Parks and Recreation from July 6, 1982 through July 12, 1990. In April of 1990, the Township suspended Brozovich for four weeks because of an arrest for driving under the influence (DUI). After Brozovich returned to work from his suspension, Julie Dugo, a part-time employee of the Township, informed the Township that Brozovich was making unwanted sexual advances towards her. In support of her allegations, Dugo presented the Township with two letters written to her by Brozovich. In these letters, Brozovich expressed a desire to make love to Dugo and have oral sex with her.

The Township subsequently met with Brozovich and placed a resignation paper in front of him. The Township advised Brozovich to resign or else the Township would take appropriate steps to terminate him. After Brozovich and the Township discussed a severance settlement, Brozovich signed the resignation. At the time, Brozovich was concerned that his wife might see the letters.

Approximately two weeks after Brozovich resigned, an article concerning the circumstances of his resignation appeared on the front page of the local newspaper, the *North Hills News Record.* As a result of the publicity, Brozovich had difficulty finding other suitable employment.

Brozovich filed a Complaint in Civil Action against Dugo and the Township seeking damages from Dugo for her allegedly false, scandalous, malicious and defamatory statements about Brozovich's character and fitness for his job. Brozovich sought damages from the Township for breach of an alleged employment contract and for wrongful discharge.

The Township filed preliminary objections in the nature of a demurrer, which the trial court overruled. The Township then filed an answer and new matter, to which Brozovich replied.

At the close of the pleadings, the Township deposed Brozovich and filed a motion for summary judgment which the trial court granted. The trial court concluded that Brozovich's "resignation" was, under the circumstances, a termination by the Township; nonetheless, the trial court held that the Township was entitled to judgment as a matter of law because Brozovich was an at-will employee and his discharge was not contrary to public policy.

■ On appeal,[1] Brozovich first argues that the trial court erred in concluding that Brozovich was an at-will employee; Brozovich contends that he had an implied employment contract with the Township, which is a question of fact that should have been decided by the jury. The Township contends that the facts averred by Brozovich are not sufficient as a matter of law to create an implied employment contract. We agree with the Township.

■ In Pennsylvania, it is presumed that an employee is at-will where, as here, there is no written employment contract. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). One can rebut the at-will presumption by showing that the employee provided additional consideration apart from the detriments commensurate with those incurred by all manner of salaried professionals. *Scullion v. Emeco Industries, Inc.*, 398 Pa.Superior Ct. 294, 580 A.2d 1356 (1990), *appeal denied*, 527 Pa. 625, 592 A.2d 45 (1991). "It is a question of fact whether, in a given case, an employee has given addi-

tional consideration sufficient to rebut the at-will presumption." *Id.* at 298, 580 A.2d at 1358. However, although Brozovich is correct that the issue of additional consideration is a question of fact for the jury, no jury could find additional consideration from the facts alleged here.

■ Brozovich maintains that he had an implied employment contract with the Township by virtue of his excellent performance, his commitment to the Township and a direct promise that he could keep his job as long as he performed his work satisfactorily. However, a promise that employment will continue as long as performance is satisfactory is too ambiguous to overcome the at-will presumption. *Darlington v. General Electric*, 350 Pa.Superior Ct. 183, 504 A.2d 306 (1986). Moreover, the modification of an at-will relationship to one that can never be severed without just cause is such a substantial modification that a very clear statement of an intention to so modify is required. *Veno v. Meredith*, 357 Pa.Superior Ct. 85, 515 A.2d 571 (1986), *appeal denied*, 532 Pa. 665, 616 A.2d 986 (1992). Here, there is not sufficient clarity of an intention by the Township to modify the at-will employment relationship to one that can never be severed absent just cause. Therefore, as a matter of law, Brozovich cannot overcome the presumption of at-will employment.

Brozovich also argues that the trial court erred in concluding that his discharge by the Township did not violate public policy; Brozovich maintains that his termination deprived him of a constitutionally protected fundamental right to his reputation. The Township maintains that Brozovich, even if falsely accused, has no claim for wrongful discharge on the basis of public policy.[2]

---

1. Our scope of review over a trial court's grant of summary judgment is limited to determining whether the trial court made an error of law or abused its discretion. *Salerno v. LaBarr*, 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. No. 1035(b).

2. The Township also contends that Brozovich waived this issue because it is not alleged in his complaint; rather, Brozovich first raises this issue in his brief in opposition to the motion for summary judgment. We disagree. Paragraph 29 avers:

> 29. The termination of Plaintiff's employment was ... in reckless disregard of Plaintiff's rights....

(Complaint, para. 29.) In addition, paragraph 31 asserts:

Our Supreme Court has established the principle that an at-will employee may have a cause of action for wrongful discharge when the discharge threatens public policy. *Geary.* No more clear statement of public policy exists than that expressed in the Pennsylvania Constitution. *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917 (1989) (Zappala, J., concurring). Article I, section 1 of the Pennsylvania Constitution provides:

All [persons] are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1. Our Superior Court has noted that this section guarantees an individual's right to engage in any of the common occupations of life. *Hunter v. Port Authority of Allegheny County*, 277 Pa.Superior Ct. 4, 419 A.2d 631 (1980). In addition, this court has determined that the Pennsylvania Constitution establishes reputation as a fundamental right, which cannot be abridged by government without compliance with state constitutional standards of due process. *Pennsylvania Bar Ass'n v. Commonwealth*, 147 Pa.Commonwealth Ct. 351, 607 A.2d 850 (1992).

Brozovich has properly identified a public policy that applies to this case; i.e., that a governmental body should not be permitted to deprive an individual of the fundamental right to reputation without due process of law. The question, then, is whether the Township has taken action to deprive Brozovich of that fundamental right.

■ We believe that the discharge by itself does not constitute a deprivation of Brozovich's fundamental right to his reputation. In an at-will employment relationship, an employer may terminate an employee for any reason or for no reason at all. *Geary.* Here, the Township had more than one reason for firing Brozovich: the DUI arrest, the letters to Dugo, and the allegations of unwanted sexual advances. Nevertheless, the Township provided Brozovich with an opportunity to resign, albeit involuntarily, and, in so doing, acted to prevent harm to Brozovich's reputation. Indeed, if a newspaper had not published an account of the circumstances surrounding the discharge, the public would have perceived that Brozovich had simply resigned to pursue other endeavors.[3] Thus, we conclude that, as a matter of law, the Township did not deprive Brozovich of a fundamental right to his reputation and that the discharge was neither wrongful nor a violation of public policy.

Accordingly, because there are no factual issues to be resolved and the Township is entitled to judgment as a matter of law, we affirm the trial court's grant of summary judgment.

### ORDER

AND NOW, this 9th day of December, 1994, the order of the Court of Common Pleas of Allegheny County, dated March 8, 1994, is AFFIRMED.

---

31. Defendant's willful and wanton conduct in wrongfully terminating Plaintiff's employment in reckless disregard of Plaintiff's rights warrants the award of punitive damages.

(Complaint, para. 31.) These paragraphs specifically refer to the Township's wrongful discharge of Brozovich in reckless disregard of Brozovich's rights. Therefore, Brozovich has properly stated in the complaint an action for wrongful discharge based upon a violation of Brozovich's rights.

3. It was the front page newspaper article, which appeared two weeks after the termination, that harmed Brozovich's reputation. However, the record before this court does not suggest that the Township played a role in the publication of that newspaper article. Nor does the record show that the newspaper article quoted Township officials and that those officials made defamatory statements about Brozovich.