**McCloskey v. Wildwood Cemetery, Inc.**

C.P. of Lycoming County, No. 12-00,106

*Chrisitan Lovecchio,* for plaintiff.
*J. David Smith,* for defendant.

ANDERSON, J., Sept. 23, 2014—Before the court is defendant's motion for summary judgment. Argument on the motion was heard September 18, 2014.

plaintiff was formerly employed by defendant, having been discharged from that employment on June 24, 2011. In this suit, plaintiff contends he was wrongfully discharged. In its motion, defendant contends plaintiff has failed to make out a case of wrongful discharge.

Ordinarily, employment in Pennsylvania is "at-will". *Hennessy v. Santiago*, 708 A.2d 1269 (Pa. Super. 1998). An exception is made only where the discharge would threaten clear mandates of public policy. *Clay v. Advanced Computer Applications*, 559 A.2d 917 (Pa. 1989). In those cases where our courts recognized a violation of a clear mandate of public policy, the plaintiff demonstrated that a statute or constitution applied to his case and that the discharge resulted from his duty to act in accordance with that applicable law. *Krajsa v. Keypunch, Inc.*, 622 A.2d 355 (Pa. Super. 1993).

In the instant case, plaintiff has offered evidence that he was discharged because he questioned his general manager about certain record-keeping directions he had been given and because he had refused to comply with those directions.[1] Plaintiff argues that the record-keeping is required by regulations promulgated by the Department of Environmental Protection and in support of that argument has produced a copy of a "General Plan Approval and/or General Operating Permit," which

---

1. Specifically, plaintiff was required to perform cremations and, as part of that job duty, to record times and temperatures. Plaintiff alleges he was directed to record certain temperatures even if those temperatures were not accurate.

indicates in Paragraph one thereof that it is issued in accordance with Section 6.1(f) of the Air Pollution Control Act, 35 P.S. Section 4006.1(f) and 25 Pa. Code Section 127.611, by the Department of Environmental Protection for human or animal crematories. The Permit requires compliance with the monitoring, recordkeeping and reporting requirements set forth therein, requires the collection and recording of certain information (including times and corresponding temperatures of each cremation cycle), and the maintenance of that information at the facility for a five-year period, during which it must be made available to the department upon request.[2] The Permit also indicates that failure to comply with applicable terms and conditions requires suspension or revocation of the Permit by the Department.[3]

In *Field v. Philadelphia Electric Co.*, 565 A.2d 1170 (Pa. Super. 1989), the Court recognized a cause of action for wrongful discharge where the employee was discharged for reporting the employer's violations of the Nuclear Regulatory Commission to that Commission. The Court noted that under the federal Energy Reorganization Act, the plaintiff was required to report the violations and further, that the federal law at issue was designed to protect the health and safety of the public against the dangers of radiation.[4]

---

2. Paragraphs 8 and 11 of the Permit.

3. Paragraph 5 of the Permit.

4. Although the Court in *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 290 (Pa. 2000), held that "a bald reference to a violation of a federal regulation, without any more articulation of how the public policy of this Commonwealth is implicated, is insufficient to overcome the strong presumption in favor of the at-will employment relation," and seemed to question the Superior Court's ruling in Field, it did not disagree with the ruling's implication that protection of the public against the dangers of radiation was also part of this Commonwealth's public policy.

Here, plaintiff is alleging that he was fired for refusing to lie when recording certain information, which, if recorded accurately, would have revealed a violation of the DEP regulation. In essence, assuming the regulations require accurate recording, the regulations require the recording (and, by virtue of their availability to the Department upon request, the reporting) of violations. By terminating plaintiff, defendant prevented plaintiff from reporting the violations.[5] As noted above, the Permit is issued under the Air Pollution Control Act, which declares it "to be the policy of the Commonwealth of Pennsylvania to protect the air resources of the Commonwealth to the degree necessary for the (i) protection of public health, safety, and well-being of its citizens; ...." 35 P.S. 4002(a). Thus, compliance with the regulations at issue has been declared by the legislature to be necessary for the protection of the public and an attempt to thwart such compliance would constitute a violation of the public policy of this Commonwealth. While it remains to be seen whether plaintiff can substantiate his allegations,[6] defendant is not entitled to judgment as a matter of law.

## ORDER

And now, this 23rd day of September 2014, for the foregoing reasons, defendant's motion for summary judgment is hereby denied.

---

5. The court is assuming plaintiff 's allegations to be true, for purposes of ruling on the Motion for Summary Judgment.

6. Plaintiff must prove that he was indeed fired for the reasons alleged, and that there were no other, legitimate reasons. *See Betts v. Stroehmann Brothers,* 512 A.2d 1280 (Pa. Super. 1986)(Once an important public policy is recognized, an employee's discharge is still lawful if the employer has separate, plausible and legitimate reasons for such).