Arlan G. **SCHAEDLER**

v.

**READING EAGLE PUBLICATION, INC.,** a Berks County Corporation, Reading, Pennsylvania.

Civ. A. No. 38662.

United States District Court E. D. Pennsylvania.

Dec. 30, 1965.

Arland G. Schaedler, pro se.

John D. Glase, Charles H. Weidner, Reading, Pa., John R. McConnell, Philadelphia, Pa., Stevens & Lee, Reading, Pa., Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel, for defendant.

JOSEPH S. LORD, III, District Judge.

The defendant newspaper has moved under Fed.R.Civ.P. 12(e) for a more definite statement of plaintiff's claim. The plaintiff's "Declaration," which is in substance but not in form a complaint, claims damages resulting from the publication of an article or series of articles by the defendant about the plaintiff. While the complaint ostensibly sounds a cause of action in libel, it may also state a claim for invasion of privacy or some other tort. It is impossible to know. The complaint is a prolix potpourri of aspersion, recrimination, accusation and argument. It most certainly is vague and ambiguous within the meaning of Rule 12(e).

The Federal Rules of Civil Procedure do not demand impeccable rhetoric. Neither do they "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain state-ment of the claim' [Rule 8(a) (2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

The plaintiff in this case is a layman, a state prisoner, and he has appeared *pro se*. Not being a lawyer, he ought to be sufficiently unencumbered by juridical jargon to be able to comply with the Rules. As it stands, the defendant cannot frame a responsive pleading to plaintiff's complaint. The motion for a more definite statement is granted and the plaintiff is ordered to draft and have served on the defendant within thirty (30) days a clear, concise complaint in conformity with Fed.R.Civ.P. 8. It should state only facts, without argument, and a demand for judgment for the relief requested. Each paragraph should be numbered and should set forth one fact or set of circumstances, so that the defendant will be able to admit or deny each fact or set of circumstances separately, paragraph by paragraph. The facts in the complaint must be so stated as to enable the defendant to determine whether the cause of action is based on libel, or on invasion of privacy, or if based on some other tort, what that tort is. If the basis of the case of action is the publication of an article or articles in defendant's newspaper, plaintiff should identify the article or articles and date or dates of publication for each article of which he complains, the specific matter deemed damaging, and the special damages, if any, incurred.

ORDER

And now, December 30, 1965, it is ordered that the defendant's motion for a more definite statement is granted and the plaintiff is *ordered* to file a more definite statement in accordance with the terms of this memorandum within thirty (30) days from the date hereof, otherwise the complaint will be dismissed.