610 A.2d 495

**Dennis RUZICKI, Appellant,**

v.

**CATHOLIC CEMETERIES ASSOCIATION
OF the DIOCESE OF PITTSBURGH.**

Superior Court of Pennsylvania.

Argued April 9, 1992.

Filed July 16, 1992.

38

Monica M. Lovre, Pittsburgh, for appellant.

Charles R. Volk, Pittsburgh, for appellee.

Before CAVANAUGH, HUDOCK and MONTGOMERY, JJ.

CAVANAUGH, Judge.

This case arises out of appellant Dennis Ruzicki's termination by the appellee, Catholic Cemeteries Association of the Diocese of Pittsburgh. Appellant claims that provisions in an employee handbook modified his status as an at-will employee, despite a disclaimer in the handbook which stated that the handbook was not intended to give rise to any contractual obligations or to establish an exception to the employment at-will doctrine. Appellant wishes us to find that an implied contract was violated when the appellee terminated his employment and did not follow the handbook's progressive discipline provisions. We find that summary judgement was appropriately granted, and affirm.

Appellant was employed by the appellee from 1977 until 1990, in various capacities including laborer, assistant manager, purchaser and clerk. In March, 1990, the appellee terminated his employ, allegedly because the appellant did not have the interpersonal skills to successfully interact with the persons he supervised. Subsequently, the appellant filed suit asserting breach of contract/wrongful termination, equitable estoppel, and emotional distress.

Both sides agree that the appellee issued an employee handbook to certain of its non-union employees, although they dispute whether managers like the appellant were among those who received a handbook. The handbook stated that the appellee believed in "the principle of progressive discipline," and that certain enumerated offenses would normally subject the employee to discipline "in the from of written warning(s), 3 day suspension, 2 week suspension and discharge...." The handbook contained a separate list of offenses for which an employee could be

fired without resort to the progressive discipline system. The handbook also declares in a section entitled "Purpose" as follows:

> This handbook is designed to be used as an informational guide to certain employment policies of the Catholic Cemeteries Association. It is not intended to give rise to any contractual obligations or to establish an exception to the employment-at-will doctrine.

Although the appellant was informed that his job performance was considered unsatisfactory and his job was "on the line," the progressive discipline provisions (which required written warnings) were not followed when he was terminated.

Following discovery, the appellee moved for summary judgment alleging, *inter alia,* that no employment contract, express or implied, existed and that the appellant was an at-will employee under Pennsylvania law subject to dismissal for any reason. The lower court agreed and granted the appellee's motion, declaring that the appellant's reliance on the handbook was misplaced given the clear language of the above disclaimer.

On appeal, the appellant raises two issues: (1) did the lower court err in granting summary judgment where it was a question for the jury whether appellant's status as terminable at-will was procedurally modified by appellee given the totality of the circumstances and (2) whether the lower court erred in not finding that the appellee should be equitably estopped from terminating the appellant without following the procedural requirements of the employee handbook.[1]

---

1. Appellant's brief violates Pa.R.A.P. 2119, 42 Pa.C.S.A., by articulating a different question in its Statement of Questions Involved than it addresses in its Argument. In the Statement of Questions Involved, the appellant's second issue is as follows: did the lower court improperly grant summary judgement where federal and state law is unsettled in situations dealing with particular provisions of employment handbooks and the factual circumstances necessary for the handbook to modify an employee's at-will employment status. However, in the Argument, the appellant asks us to consider whether the lower court erred in failing to equitably estop the appellee from terminating the

Our standard of review for orders granting summary judgment is as follows:

> Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law.... It is basic that summary judgment may be entered only in a case that is clear and free from doubt.

*Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 44–5, 489 A.2d 828, 831 (1985), *quoted in Scott v. Extracorporeal, Inc.*, 376 Pa.Super. 90, 94, 545 A.2d 334, 336 (1988) (citations omitted). We address the appellant's arguments in the order presented.

The appellant's first argument is that it is a jury question whether appellant's status as a terminable at-will employee was procedurally modified by the appellee given the totality of the circumstances. The tenor of appellant's argument is that the progressive discipline provisions in appellee's handbook (1) applied to the appellant and (2) was part of a legally enforceable implied contract.

We find no merit to appellant's argument. Pennsylvania adheres to the employment at-will presumption, which holds that absent a contract to the contrary, an employee may be discharged for any or no reason. *Scott, supra,* 376 Pa.Superior Ct. at 94–5, 545 A.2d at 336; *Darlington v. General Electric*, 350 Pa.Super. 183, 188, 504 A.2d 306, 309 (1986). We have recently held:

> The *sine qua non* of the presumption is that except in rare instances, discharges will not be reviewed in the judicial forum. The presumption may be overcome by express contract, implied in-fact contract (the parties did not intend it to be at-will), and additional consideration passing from the employee to the employer (that is, if the

appellant given the protection afforded by the employee handbook. These issues are as different as day and night, and we consider the former issue waived as appellant has made no effort to argue his position in his appellate brief. *See, e.g., Harvilla v. Delcamp*, 521 Pa. 21, 24 n. 1, 555 A.2d 763, 764 n. 1 (1989). We will, however, address the estoppel issue as appellant's brief has sufficiently raised and argued this issue.

employee bestows a legally sufficient detriment for the benefit of the employer beyond the services for which he was hired, a court may infer that the parties intend to overcome the at-will presumption). An employer has no right to discharge even an at-will employee if the firing would contravene a clear public policy or if it is effected with specific intent to harm the employee ... Several recent decisions have noted that any further erosion of the at-will presumption in Pennsylvania should be effected by the legislature, not the courts.

*Scott, supra,* 376 Pa.Superior Ct. at 95, 545 A.2d at 336 (citations omitted). The appellant does not assert that he is covered by an express contract, that additional consideration passed from the appellant to the appellee, that public policy is violated by his termination, or that his employer specifically intended to harm him by dismissing him. He only asserts that the employee handbook creates an implied contract.[2]

■ "A handbook is enforceable against an employer if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule." *Scott, supra,* 376 Pa.Superior Ct. at 97, 545 A.2d at 337; *accord Martin v. Capital Cities Media, Inc.,* 354 Pa.Super. 199, 222, 511 A.2d 830, 841–2 (1986). The handbook, moreover, must contain a clear indication that the employer intended to overcome the at-will presumption. *Scott, supra,* 376 Pa.Superior Ct. at 97, 545 A.2d at 338; *Martin, supra,* 354 Pa.Superior Ct. at 222, 511 A.2d at 841–842. We have held that it is for the court to interpret the handbook to discern whether it contains evidence of the employer's intention to be legally bound. *Scott, supra,* 376 Pa.Superior Ct. at 97, 545 A.2d at 337.

■ As noted *supra,* the handbook contains a section entitled "Purpose" which disclaims any intention on the appellee's part of the handbook modifying the at-will employment relationship. Given the explicit disclaimer stating

2. Although the appellant contends that the "totality of the circumstances" indicate that he has an implied contract with the appellee, he proffers no additional alleged representation by the appellee of such a relationship other than the employee handbook.

that the handbook does not effect an employee's at-will status, even assuming that the handbook applies to the appellant,[3] appellant faces an insurmountable burden in arguing that the handbook converts him from an at-will employee to one who can only be fired through the use of progressive discipline as articulated in the handbook. After reviewing appellant's arguments as to why the disclaimer should be discounted, we remain unconvinced that the handbook may be said to have modified the at-will relationship between the appellee and his employees.

The appellant attempts to dismiss the existence of the disclaimer in the booklet by arguing that prior handbooks did not contain them, and the existence of the disclaimer was not mentioned to the employees at the manager's meeting when the new handbooks were distributed. Thus, appellant feels we should reduce the significance of the disclaimer to the fine print in the contract of adhesion. He also argues that the existence of the disclaimer merely proves his point: the existence of a disclaimer would not be necessary if the handbook was not confusing enough to be considered an implied contract.

We find the appellant's attempt to downplay the disclaimer unpersuasive. The appellant cannot rely on the handbook as a source of his alleged rights, and yet select only those provisions which militate in favor of an implied contract. Our inquiry is to determine if the handbook would provide the employee with a reasonable belief that his employer intended to overcome the at-will presumption. We believe that the disclaimer indicates it is does not, and we refuse to let the appellant have his cake and eat it too by relying on one section of the handbook to establish his claim while ignoring another section which calls his claim severely into question.

We also reject as particularly unpersuasive appellant's argument that the presence of the disclaimer actually indi-

---

3. The appellee asserts that the appellant, as a manager, was not covered by the employee handbook, which only covered non-union employees not employed as managers.

cates that the handbook was confusing. This argument sounds in desperation, because rather than prove his point, the disclaimer quite obviously is an unassailable indication that there can be no mistake on the employee's part as to the aspirational nature of the handbook.

■ The appellant's second and final argument is that the appellee should be equitably estopped from terminating him without following the procedural requirements in the employee handbook. The drift of appellant's argument is that the employee handbook gave the appellant a reasonable expectation that he would only be terminated pursuant to its provisions.

We find this argument totally without merit. Our supreme court in *Paul v. Lankenau Hosp.*, 524 Pa. 90, 569 A.2d 346 (1990), rejected the notion that the strictures of the employment at-will doctrine could be evaded by couching the claim as falling under the doctrine of equitable estoppel. *Id.*, 524 Pa. at 95, 569 A.2d at 348. The Court declared the following:

> The doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with or without cause, and our law does not prohibit firing an employee for relying on an employer's promise. In the absence of a legally cognizable cause of action, the trial court erred in submitting the issue to the jury.

*Id.*, 524 Pa. at 95, 569 A.2d at 348–9. The import of the Court's reasoning was that allowing an employee to claim equitable estoppel where the law declares that no implied contract exists would simply undercut the rule that an action for wrongful discharge does not exist in an at-will employment relationship. *Id.* Thus, we find that the Court's ruling and reasoning disposes of appellant's second argument.

As we have found that both of appellant's arguments are without merit, we affirm.

Judgment affirmed.