Kenneth RAINES, Plaintiff,

v.

HAVERFORD COLLEGE, Defendant.

No. 93–CV–6969.

United States District Court,
E.D. Pennsylvania.

April 12, 1994.

Louis Rosner, Philadelphia, PA, for plaintiff.

Carol B. Trask, Dechert Price & Rhoads, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter before the Court concerns defendant's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, plaintiff has filed a motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, we will grant defendant's motion and deny plaintiff's motion.

### Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method in which to challenge the legal sufficiency of a claim. *See United States v. Marisol, Inc.,* 725 F.Supp. 833 (M.D.Pa.1989). In ruling upon a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir.1990). In so reviewing the pleadings and any materials of record, the court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3rd Cir.1990); *Hough/ Loew Assoc., Inc. v. CLX Realty Co.,* 760 F.Supp. 1141, 1142 (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ramson v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988).

 Additionally, Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a) (1993). It is within the discretion of the trial court to grant or deny a motion to amend. *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3rd Cir.1988); *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 289, 290 (E.D.Pa.1992). Courts in this Circuit generally grant such requests liberally, and deny them only where there has been undue delay, bad faith or where it would be prejudicial to the nonmoving party. *Transport Workers, Local 234 v. Septa*, 137 F.R.D. 220, 223 (E.D.Pa.1991). Further, where the proposed amendment fails to state a cause of action or to raise meritorious claims, leave to amend should also be denied. *Perfect Plastics Indus. v. Cars & Concepts* 758 F.Supp. 1080, 1082 (W.D.Pa.1991); *Transport Workers*, 137 F.R.D. at 223.

### Discussion

Plaintiff, a former employee at Haverford College, filed a five count complaint against defendant after defendant terminated plaintiff from his position as a carpenter foreman in December, 1992. The complaint states that plaintiff was allegedly terminated for "abuse of college time and materials and submitting false time sheets." Complaint, para. 8. According to the complaint, however, defendant had a long standing policy and practice of allowing maintenance department employees to use scrap materials belonging to defendant and allowing employees to perform construction and maintenance projects for their own personal benefit during "non-busy" work time. *Id.* at para. 9.

Plaintiff, a black male, has sued defendant alleging claims of racial discrimination in violation of Title VII, 42 U.S.C. § 2000e–2 as amended, the Pennsylvania Human Relations Act, 43 P.S.C.A. § 951 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, as well as claims of breach of contract and detrimen-

tal reliance. The pending motions concern counts four and five, plaintiff's claims for breach of contract and detrimental reliance. Defendant maintains that plaintiff has failed to set forth any claim upon which relief can be granted with respect to these two claims.

### A. Breach of contract

Plaintiff has sued defendant for breach of contract alleging that the "employee handbook and other written and unwritten policies, practices and procedures constituted a binding contract of employment" between the parties that "provided both a substantive right to continued employment ... and governing the manner in which, discipline (including discharge) could be implemented." Complaint, para. 23. Plaintiff further asserts that defendant breached this contract by not following the procedures set forth in the handbook when it terminated plaintiff. *Id.* at para. 24. Defendant now asserts that plaintiff fails to state a claim because the employee handbook does not constitute an employment contract.

In response, plaintiff requests that he be allowed to amend paragraphs 23 and 24 of the complaint in order to state the following:

23. The employee handbook and other written and unwritten policies, practices and procedures, *including A Guide For Supervisors: Effective Management and Employee Discipline* constituted a binding contract ...

24. *Defendant terminated plaintiff without cause, in violation of its contractual obligation.* Whether or not defendant had good cause to discipline and/or to discharge Mr. Raines, defendant failed to follow the procedures set forth in the employee handbook ...

However, even in light of the proposed amendments, plaintiff fails to state a claim, and therefore, plaintiff's motion is denied because the amendment is futile.

 Case law in Pennsylvania clearly holds that the employment-at-will doctrine applies absent a clear intent by the parties to the contrary. Under this doctrine, an employee can be discharged for any or no reason. *Ruzicki v. Catholic Cemeteries, Inc.,*

**1012**

416 Pa.Super. 37, 610 A.2d 495, 497 (1992). In order for the presumption of employment-at-will to be overcome, there must be either an express contract between the parties, or an implied in-fact contract plus additional consideration passing from the employee to the employer from which the court can infer the parties intended to overcome the at-will presumption. *Id.* (quoting *Scott v. Extracorporeal, Inc.*, 376 Pa.Super. 90, 95, 545 A.2d 334, 336 (1988) (citations omitted)).

In order for an employee handbook to constitute a contract, it must contain a clear indication that the employer intends to overcome the at-will presumption. *Ruzicki*, 416 Pa.Super. 37, 610 A.2d 495, 497. Further, under the reasonable person standard, a handbook is only enforceable as a contract if a reasonable person in the same position as the employee would interpret its provisions as evidencing an intent by the employer to overcome the at-will presumption. *Id.* Moreover, it is for the court to determine whether the handbook contains any provisions indicating such an intent by the employer. *Id.*; *see also Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 660 (3rd Cir.1990) (duty of court to determine if evidence suffices to defeat at-will presumption).

Courts have held that provisions in employee handbooks which contain disclaimers or state there is no intent to create an employment contract are sufficient to retain the at-will presumption. For instance, in *Ruzicki*, the court found there was no employment contract to defeat the at-will presumption where the handbook's disclaimer stated its purpose "is not intended to give rise to any contractual obligations or to establish an exception to the employment-at-will doctrine." *Ruzicki*, 416 Pa.Super. 37, 610 A.2d 495, 496. Likewise, in *Rutherfoord v. Presbyterian–Univ.*, 417 Pa.Super. 316, 612 A.2d 500 (1992), the court also found that defendant's disclaimer contained in the employee's manual, which stated that the guidelines "are a summary of the [Hospital Manual] and group benefits policies with insurance companies, and are not intended to be a legal contract," clearly indicated the employer's intent not to confer any rights upon its employees. Therefore, plaintiff's claim for breach of contract failed. *Rutherfoord*, 417 Pa.Super. 316, 612 A.2d 500, 504.

In the present case, plaintiff asserts that the employee handbook, along with other written and unwritten policies, constitute a contract so as to overcome the at-will presumption. However, the handbook contains an introductory letter from the President of the College which states "The handbook of course is not a contract of employment, but it is intended to serve as an introduction and guide to expectations at Haverford." [1] In light of the above cases, the handbook clearly fails to create a contract of employment as alleged by plaintiff. [2]

Plaintiff next claims the handbook clearly establishes that employees could only be terminated for cause, and further that defendant violated its procedure by failing to follow its four-step process regarding disciplinary actions. Plaintiff states that these policies clearly indicate defendant's intent to alter the at-will relationship. However, even where such policies exist, plaintiff must show that they were offered as binding terms of one's employment so as to become part of a

---

**1.** Although plaintiff has failed to attach a copy of the handbook to his complaint, defendant has attached a copy to the motion to dismiss. The Third Circuit has held that review of documents attached as exhibits to a motion to dismiss is proper where the allegations in the complaint are based on such documents and the plaintiff has failed to attach them to the complaint. *See In Re Donald J. Trump Casino Sec. Litigation*, 7 F.3d 357, 368 n. 9 (3rd Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3rd Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994)); *Goodwin v. Elkins*

*& Co.*, 730 F.2d 99, 112–14 (3rd Cir.1984), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984) (Becker, C.J., concurring).

**2.** Plaintiff argues that aside from this "passing introductory reference" contained in the handbook, nowhere else does the handbook disavow or reserve the right to ignore any of the obligations contained in the handbook. However, given the large burden required to overcome the at-will presumption, and the clear language of the President's letter, we find plaintiff's argument to be without merit.

contract of employment and alter the at-will status. "A company may indeed have a policy upon which they intend to act, given certain circumstances or events, but unless they communicate that policy as part of a definite offer of employment they are free to change as events may require." *Rutherfoord v. Presbyterian–University*, 417 Pa.Super. 316, 612 A.2d 500, 504 (1992) (quoting *Morosetti v. Louisiana Land and Exploration Co.*, 522 Pa. 492, 496, 564 A.2d 151, 152–53 (1989)).

In the present case, there is no indication that defendant made any "just cause" policy as part of a definite offer of employment, or even that such a policy exists. Both the handbook and *A Guide For Supervisors: Effective Management and Employee Discipline*, to which plaintiff refers, contain a section which outlines the disciplinary process. While the section includes four steps of the disciplinary process, ranging from an oral warning to suspension or termination, the handbook clearly states "[t]hese steps are intended as a guide to both supervisors and employees." Handbook, p. 23. Both the handbook and Guide also indicate that these steps are utilized at the discretion of the supervisor, and at certain times termination may be the only possible solution. *Id.* The Guide states that termination may result from any "incident of misconduct which could threaten … the reputation, standing, or assets of the College." The general language of this provision indicates that it is for the supervisor to determine when termination is appropriate. As such, this is not enough to overcome the at-will presumption. *See Scott v. Extracorporeal, Inc.*, 376 Pa.Super. 90, 545 A.2d 334, 338 (1988) (plaintiff not entitled to relief on basis of handbook where a reasonable person would understand it to mean that the employer had discretion to determine when discharge was appropriate.); *see also Schoch*, 912 F.2d at 661 ("[F]ailure to adhere to a company personnel policy does not create a cause of action for breach of an employment contract.").

Finally, aside from the provisions just discussed, plaintiff does not indicate any other specific provisions, policies, practices and procedures that defendant allegedly violated when it terminated plaintiff. As the court found in *Sweeney v. St. Joseph's Hosp.*, 769 F.Supp. 747, 751 (M.D.Pa.1991), *aff'd*, 980 F.2d 724 (3rd Cir.1992), plaintiff failed to state a claim for breach of contract when he did not specify which provisions of the employee handbook defendant breached or which provisions indicated his employer's intent to create a contract. *See also Ruby v. Federal Express*, Civ. A. No. 92–2790, 1992 WL 229877 (E.D.Pa. Sept. 8, 1992), at 2 (plaintiff's breach of contract claim dismissed where plaintiff failed to identify specific "policies, procedures, and updates" that allegedly created a contract between himself and employer). As such, count four of plaintiff's complaint must be dismissed.

*B. Detrimental Reliance*

Plaintiff's complaint alleges that defendant had a policy and practice of allowing employees to use defendant's materials and facilities for personal projects and that defendant intended its employees to rely on these policies and practices. Plaintiff further alleges that he relied on these policies and practices to his detriment, and as a result, that defendant is estopped from disavowing these policies and from terminating or disciplining plaintiff for relying on these practices. Complaint, paras. 27–29. Defendant now argues that count five of plaintiff's complaint fails to state a claim because Pennsylvania does not recognize a cause of action for estoppel as an exception to the employment-at-will doctrine. We agree with defendant.

The Pennsylvania Supreme Court expressly recognized in *Paul v. Lankenau Hosp.*, 524 Pa. 90, 569 A.2d 346 (1990), that equitable estoppel was not an exception to the employment-at-will doctrine. In *Paul*, a physician was fired from his employment at defendant hospital for allegedly taking five refrigerators belonging to defendant without permission. Plaintiff argued that defendant was estopped from firing him because it had previously given him permission to take other items from defendant's storage. The court held that the trial court erred for submitting the issue to the jury because there was no cognizable cause of action. "An employee may be discharged with our [sic] without probable cause, and our law does not

prohibit firing an employee for relying on an employer's promise." *Id.,* 524 Pa. 90, 569 A.2d 346, 348 (1990). *See also Andrew v. Lemmon Pharmacal Co.,* 767 F.Supp. 657, 659 (E.D.Pa.1990) (court dismissed employee's claim of equitable estoppel pursuant to Rule 12(b)(6) where employment-at-will doctrine applied).

Plaintiff argues that the recent case of *Niehaus v. Delaware Valley Medical Center,* 429 Pa.Super. 119, 631 A.2d 1314 (1993) is applicable to this decision. In *Niehaus,* the appellate court allowed plaintiff to bring a claim of promissory estoppel when her employer refused to rehire her after expressly approving her leave of absence. The employee handbook also guaranteed that employees could return to the same or a similar position after an approved leave of absence. The court reasoned that the employer:

> approved the leave of absence pursuant to and in accordance with its handbook promise to restore the employee to the same or a similar position as that occupied by the employee before the leave of absence. It is this approval which thereupon gave rise to an implied contract and not the mere language of the handbook. The promise of rehiring was a part of the approved leave of absence to which both parties had agreed. *Id.* 631 A.2d at 1318.

However, the court expressly limited its decision to the facts of the case and to cases where "an employee takes a leave of absence with the employer's express approval and upon his promise of re-employment at the end of such approved leave of absence." *Id.* n. 4.

It is clear that *Niehaus* is inapposite and that *Paul* controls our decision in this case. Just as plaintiff in *Paul* could not bring a cause of action for estoppel after being fired for allegedly relying on defendant's previous permission, neither can plaintiff assert such a claim in this case. Like *Paul,* plaintiff alleges he was fired for using defendant's scrap materials and performing personal projects during working time, in reliance on defendant's long standing policies allowing employees to do so. Unlike *Niehaus,* in this case we are dealing with defendant's alleged policies regarding the use of scrap materials, as opposed to an express promise to rehire. It is unlikely that the *Niehaus* court intended to revise the long-standing at-will presumption by its holding, especially given the court's express limitation of the case's application. *See id.* at 1321 (Cavanaugh, J., dissenting). Not only are we dealing with extremely different facts in this case, but different policies as well. There is no contract of employment in this case nor does the handbook create any contract or state any policy regarding the use of scrap materials. Even if there was such a policy, there is no express promise by defendant not to fire plaintiff for using the materials as there was an express promise to rehire in *Niehaus.* As such, there is no implied contract of employment created by defendant's alleged policies as there was an implied contract created by defendant's express promise in *Niehaus.* Thus, even viewing the facts most favorable to plaintiff, and assuming there was a long standing policy upon which plaintiff relied, it is clear defendant was nonetheless entitled to fire plaintiff under the employment-at-will doctrine. Therefore, count five must be dismissed.

### Conclusion

In sum, plaintiff's claim for breach of contract fails because there is no indication that defendant intended to create anything other than an employment-at-will relationship. The handbook expressly disclaims any intent to create a contract. The four-step disciplinary process, which is discretionary by the employer, fails to create an employment contract. Further, plaintiff fails to identify any other provisions, practices or policies that create an employment contract. Finally, plaintiff's claim for detrimental reliance also fails because there is no such exception to the employment-at-will doctrine in Pennsylvania. An appropriate order follows.

### ORDER

AND NOW, this 12th day of April, 1994, upon consideration of the motion of defendant Haverford College to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and plaintiff's response and motion to amend pursuant to Rule 15(a) of the

Federal Rules of Civil Procedure, it is hereby ORDERED that defendant's motion is GRANTED, and counts four (breach of contract) and five (detrimental reliance) of plaintiff's complaint are DISMISSED WITH PREJUDICE. It is further ORDERED that plaintiff's motion is DENIED.