J-A17037-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOLOCHIDI AHIARAH; THE MAERLIN | : | |
| COMPANY | : | No. 1893 WDA 2017 |

Appeal from the Order November 13, 2017
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  GD04-006220

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                  FILED OCTOBER 31, 2018

Bayview Loan Servicing, LLC ("Bayview"), appeals from the Order directing Bayview to accept payment in the amount of $150,000 as satisfaction of the Judgment previously entered against The Maerlin Company ("Maerlin") in this mortgage foreclosure action, with respect to property located at 214 Emerson Street, Pittsburgh, Pennsylvania ("the Property").  We reverse.

On October 24, 1986, Solochidi Ahiarah ("Ahiarah") executed a Note and Mortgage, in favor of United American Savings & Loan Association ("United"), in the amount of $58,000, with 10% interest per annum.  The Mortgage was recorded on October 27, 1986.

On March 23, 2004, Interbay Funding, LLC, a Delaware limited liability company, as servicer for Wachovia Bank, N.A., as Indenture Trustee ("Interbay"), Bayview's predecessor-in-interest, filed a Complaint in mortgage

foreclosure. Interbay alleged that the Mortgage was in default because the payments due November 1, 2001, and monthly thereafter, had not been paid. Interbay subsequently filed three separate Praecipes to reinstate the Complaint. Ahiarah's counsel ultimately accepted service on his behalf.

After appropriate notice, Interbay filed a Praecipe for Default Judgment on February 22, 2005, requesting that the trial court enter judgment in its favor, and against Ahiarah, as a result of Ahiarah's failure to file an answer to its Complaint within 20 days of the date of service. On the same date, Interbay also filed a Praecipe for Writ of Execution. The trial court entered a default Judgment in favor of Interbay, in the amount of $67,980.94, plus costs and interest.[1]

Maerlin subsequently filed a Petition to Intervene, asserting that Ahiarah had sold the Property to Maerlin on September 21, 1990, and therefore, Maerlin should have been joined as an original party to the action. Maerlin also filed a Petition for rule to show cause why the Judgment should not be opened or stricken. The trial court granted Maerlin's Petition to Intervene on March 15, 2005.[2]

_____

[1] We note that while the copy of the docket attached to Bayview's reproduced record indicates that a default Judgment was entered on February 22, 2005, the certified record does not specify that Judgment was entered, and does not contain a copy of the Judgment.

[2] The Order granting Maerlin leave to intervene is not contained in the certified record.

- 2 -

On March 17, 2005, Maerlin filed both an Answer and New Matter, and a Motion to Stay the proceedings.

On April 1, 2005, Interbay filed a Response to Maerlin's Petition for rule to show cause. Following a hearing on the matter, the trial court issued an Order opening the default Judgment.

Interbay filed an Amended Complaint on March 9, 2006, naming Maerlin as a defendant. Maerlin filed Preliminary Objections, asserting that Interbay had failed to obtain either Maerlin's consent, or leave of court, prior to filing the Amended Complaint, as required by Pa.R.C.P. 1033. On July 17, 2006, the trial court entered an Order striking Interbay's Amended Complaint. The trial court further directed that Interbay could file a Second Amended Complaint, after first obtaining Maerlin's consent, or leave of court.

On February 1, 2007, Interbay filed a Second Amended Complaint, without first obtaining Maerlin's consent or leave of court. Maerlin thereafter filed a Petition for rule to show cause why the Second Amended Complaint should not be stricken. Interbay filed a Response, and a "Motion to Amend First Amended Complaint Nunc Pro Tunc to File Second Amended Complaint in Mortgage Foreclosure As Of February 1, 2007." On April 19, 2007, the trial court entered an Order, granting Interbay's Motion, and accepting the Second Amended Complaint, nunc pro tunc.[3]

_____

[3] Maerlin filed Preliminary Objections on May 16, 2007, which were ultimately withdrawn.

On September 5, 2007, Maerlin filed an Answer and New Matter, raising claims of fraud, negligent misrepresentation, violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and breach of contract, and seeking punitive damages. Interbay filed a Reply on September 26, 2007.

Eventually, Interbay filed a Motion for Summary Judgment, and a brief in support thereof, on November 22, 2013, alleging that Maerlin had failed to raise any genuine issues of material fact in its Answer and New Matter. Maerlin filed a Response. With regard to Ahiarah, the trial court granted Interbay's Motion, and entered an in rem Judgment against Ahiarah in the amount of $136,602.41. The trial court denied Interbay's Motion with regard to Maerlin.

On March 7, 2016, Interbay and Maerlin entered into a Consent Judgment, under which the parties agreed that (1) an in rem judgment would be entered in favor of Interbay, and against Maerlin, in the amount of $170,132.53; (2) Interbay would "forbear from execution upon the judgment for a period of 120 days to permit [] Maerlin [] time to attempt to obtain financing to satisfy the judgment;" (3) Interbay would not attempt to bring a deficiency judgment, or otherwise assert personal liability, against Maerlin; and (4) "[i]n the event that [] Maerlin [] obtains an offer or commitment for financing that is less than the judgment amount of $170,132.53, [Interbay] agrees to review such offer or commitment in good faith as satisfaction of the judgment, subject to the right of each party to conduct appraisals."

Interbay reissued a Praecipe for Writ of Execution on August 3, 2016. After several rescheduled Sheriff's sales, and the filing of two Motions to Stay the foreclosure proceedings and a Motion to Continue, the trial court entered an Order on June 2, 2017, staying the proceedings, without prejudice. On June 28, 2017, Interbay reissued a Praecipe for Writ of Execution.[4]

On August 16, 2017, Interbay filed a Praecipe to mark the Judgment to the use of Bayview, and attaching thereto a copy of the assignment of the Mortgage from Interbay to Bayview.

Maerlin filed a Motion to stay the proceedings and to find Bayview in contempt on August 30, 2017. Specifically, Maerlin alleged that it had notified Bayview of an offer or commitment for financing in the amount of $150,000, but that Bayview had failed to "receive" the offer in good faith as satisfaction of the Judgment, as provided for in the Consent Judgment.[5] The trial court

_____

[4] Following the entry of the Order staying the proceedings, Interbay filed a Motion for Reconsideration, which the trial court granted. However, Interbay withdrew the Motion for Reconsideration after it had reissued the Writ of Execution, and scheduled a Sheriff's sale.

[5] The record reveals that Maerlin's counsel sent an email to Bayview's counsel on March 31, 2017, which stated, in relevant part, as follows: "Paragraph 4 of the Consent [Judgment] contemplates the review of an offer of less than the [J]udgment amount. Would your client accept $150,000 in settlement of the $170,132.53 [J]udgment?" Motion for Reconsideration, 9/11/17, Exhibit P3. Maerlin also attached to its Motion several email exchanges between Maerlin's counsel and Bayview's counsel, including, inter alia, requests by Maerlin's counsel for an answer to Maerlin's settlement offer, and responses by Bayview's counsel concerning the status of its review. See Motion to Stay and Find Plaintiff in Contempt, 8/10/17, Exhibits C-H.

entered an Order on the same date, directing Maerlin to order an appraisal of the Property within 10 days of the date of the Order, and to complete the appraisal within 30 days. The trial court further ordered that Bayview's appraisal must be completed within 30 days of the due date of Maerlin's appraisal. The trial court also postponed the Sheriff's sale and scheduled a hearing. Bayview filed a Motion for Reconsideration on September 11, 2017, which the trial court denied.

The trial court conducted a hearing on November 13, 2017, at which time both parties presented their appraisals.[6] On the same date, the trial court entered an Order requiring Bayview to accept payment in the amount of $150,000 as full and final satisfaction of the Mortgage and Note, and directing Maerlin to make the payment within 60 days of the date of the Order. Bayview filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Bayview raises the following issues for our review:

I. Did the trial court commit an abuse of discretion, or error of law, by adding language and omitting language to the March 7, 2016 Consent [Judgment?]

II. Did the trial court commit an abuse of discretion, or error of law, by enforcing the March 7, 2016 Consent [Judgment,] when

_____

[6] Bayview's exterior-only appraisal, which was based on an evaluation of several comparable properties, valued the Property at $435,000. Bayview also introduced the Allegheny County Property Tax Assessment, valuing the Property at $235,000. Maerlin's appraisal, which included both an interior and exterior inspection, valued the Property at $165,500.

the record shows that the terms of the [Consent Judgment] were not met by [Maerlin?]

III. Did the trial court commit an abuse of discretion, or error of law, by finding that [Bayview] acted in bad faith in rejecting the $150,000 settlement offer[?]

Brief for Appellant at 3 (issues renumbered).

We will address Bayview's claims together. In its first claim, Bayview avers that the record does not support the trial court's conclusion that it had acted in bad faith by rejecting Maerlin's offer to settle for $150,000. Id. at 19. Bayview asserts that its conduct proves that it acted in good faith in reviewing the settlement offer because it (1) provided Maerlin with updates concerning the status of its review, (2) provided Maerlin with a payoff quote, and (3) independently conducted an appraisal of the Property. Id. at 21, 22, 27-28, 28-29, 30. Additionally, Bayview claims that its reliance on an exterior-only appraisal does not establish that it failed to review the offer in good faith. Id. at 28; see also id. at 29 (arguing that mortgagees "routinely" use exterior-only appraisals when considering settlement offers). Bayview also points out that even Maerlin's appraisal valued the Property in excess of the settlement offer. Id. at 28.

In its second claim, Bayview asserts that the terms of the Consent Judgment are unambiguous, and therefore, the trial court erred by imposing its own interpretation, to Bayview's detriment. Id. at 31-34. Bayview claims that the trial court essentially added a value of $150,000 to the Consent Judgment, and removed the condition that Maerlin obtain an offer or

commitment for financing. See id. at 34-40. Additionally, Bayview argues that "the record is void of providing a specific time frame for [Maerlin] to perform[,] and void of [Bayview] agreeing that it would review, any offer[] less than its [J]udgment amount, after 120 days." Id. at 41; see also id. at 40-46.

In its third claim, Bayview contends that Maerlin failed to provide evidence that it had obtained an offer or commitment for financing, as required by the Consent Judgment. Id. at 46. Bayview claims that Maerlin merely provided an unsupported statement that it had obtained a commitment for $150,000. Id.

Bayview's claims require us to interpret the terms of the Consent Judgment. A consent judgment is "a contract binding the parties to the terms thereof." Lower Frederick Twp. v. Clemmer, 543 A.2d 502, 510 (Pa. 1988) (citation omitted). Because contract interpretation is a matter of law, our scope of review is plenary, and this Court is not bound by the conclusions of the trial court. Maloney v. Valley Med. Facilities, Inc., 946 A.2d 702, 706 (Pa. Super. 2008).

> [A] consent order must be construed as would a contract to determine the intent of the parties, and to do so[,] the surrounding circumstances must be considered, especially "the situation of the parties when the contract was made and the objects they apparently had in view and the nature of the subject matter." [Lower Frederick Twp., 543 A.2d at 510].

Laird v. Clearfield & Mahoning Ry. Co., 846 A.2d 118, 122 (Pa. Super. 2004), reversed on other grounds, 916 A.2d 1091 (Pa. 2007). Further,

"[w]hen construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation." Humberston v. Chevron U.S.A., Inc., 75 A.3d 501, 510 (Pa. Super. 2013) (citation omitted).

In its Opinion, the trial court concluded, without explanation, that Bayview "acted in bad faith in rejecting [Maerlin's] $150,000 offer to purchase the premises." Trial Court Opinion, 12/22/17, at 3. However, the plain and unambiguous terms of the Consent Judgment contain no requirement that, following a good faith[7] review, Bayview must accept such an offer.[8]

The Consent Judgment provided that Bayview would forbear from execution on the Judgment for a period of 120 days, during which time Maerlin could attempt to obtain the financing necessary to satisfy the Judgment. Additionally, if Maerlin obtained an "offer or commitment for financing" for an

_____

[7] "The duty of good faith has been defined as honesty in fact in the conduct or transaction concerned." Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank, 801 A.2d 1248, 1253 (Pa. Super. 2002) (citation and brackets omitted).

[8] We note that the provision of the Consent Judgment requiring Bayview to review an offer or agreement for financing less than the Judgment amount in good faith does not identify a specific time period in which Maerlin was permitted to submit an offer, or in which Bayview was required to review such offer. "When the exact period for which the parties intended to contract is unable to be determined, an agreement for a 'reasonable time' will be inferred." Scullion v. EMECO Indus., Inc., 580 A.2d 1356, 1359 (Pa. Super. 1990).

amount less than the $170,132.53 Judgment, the clear terms of the Consent Judgment require Bayveiw to "review such offer or commitment in good faith as satisfaction of the [J]udgment." Consent Judgment, 3/7/16, at 2 (emphasis added).

Here, despite Maerlin's significant delay in submitting the settlement offer, Bayview reviewed Maerlin's offer to settle for $150,000.[9] Bayview's counsel acknowledged Bayview's receipt of the offer to settle. See Motion to Stay and Find Plaintiff in Contempt, 8/10/17, Exhibit F. After a subsequent inquiry by Maerlin's counsel, Bayview's counsel advised Maerlin that Bayview was in the process of reviewing the settlement offer. See id., Exhibit G. Bayview later provided Maerlin's counsel with a payoff quote. See id., Exhibit H. On August 24, 2017, after several months of review, Bayview's counsel sent a letter notifying Maerlin's counsel that Bayview had reviewed and rejected the settlement offer. See Motion for Reconsideration, 9/11/17, Exhibit P4.

Based upon the foregoing, we conclude that Bayview complied with the requirements of the Consent Judgment, and acted in good faith when it reviewed, and ultimately rejected, Maerlin's settlement offer. Thus, the trial court erred in determining that Bayview acted in bad faith in failing to accept a settlement offer submitted more than a year after the entry of the Consent

_____

[9] As Bayview correctly points out in its brief, see Brief for Appellant at 46-47, Maerlin merely inquired whether Bayview would accept $150,000, and did not present evidence of an offer or commitment for financing.

Judgment. We therefore reverse the November 13, 2017 Order requiring Bayview to accept payment of $150,000 as full and final satisfaction of the $170,132.53 Judgment entered against Maerlin.

Order reversed. Jurisdiction relinquished. Application to Supplement Brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018